Filed 6/7/23  P. v. Lawrie CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MATTHEW A. LAWRIE,<br><br>    Defendant and Appellant. | D080989<br><br><br>(Super. Ct. No. SCN160404) |

APPEAL from an order of the Superior Court of San Diego County, Kelly C. Mok, Judge.  Affirmed.

Matthew A. Lawrie, in pro. per.; and Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This appeal is from the denial of a second petition for resentencing under Penal Code[1] section 1170.95 (now renumbered section 1172.6).  The denial of the first petition was affirmed by this court.  Nothing has changed from the time of the first petition.  Appellant remains as the actual killer of

_____

1    All further statutory references are to the Penal Code.

the victim, and he also remains ineligible for resentencing under this statute. We will again affirm the denial of this successive petition.

## PROCEDURAL BACKGROUND

In 2006, a jury convicted Matthew A. Lawrie of first degree murder (§ 187, subd. (a)) and found he personally discharged a firearm causing death or great bodily injury (§ 12022.53, subd. (d)). Lawrie was sentenced to an indeterminate term of 50 years to life in prison.

Lawrie appealed and this court affirmed his conviction in an unpublished opinion. (*People v. Lawrie* (Jan. 16, 2009, D050998).)

In 2019, Lawrie filed his first petition for resentencing under section 1172.6. The trial court denied the petition on the grounds Lawrie was the actual killer and was therefore not eligible for relief. This court affirmed the order denying relief in an unpublished opinion. (*People v. Lawrie* (Mar. 13, 2020, D076835).)

In 2022, Lawrie filed his second petition for resentencing under section 1172.6. The trial court again denied the petition on the grounds Lawrie was not prosecuted as an aider and abettor, he was the actual killer and that the jury was not instructed on theories of liability under the felony murder rule or the doctrine of natural and probable consequences.[2]

Lawrie filed a timely notice of appeal.

## DISCUSSION

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel has summarized the facts and procedure and notified Lawrie of his right to file a

---

[2] The facts of the offense are summarized in our previous opinions. We will not include another summary here.

2

brief.  Counsel asks the court to exercise its discretion to independently review the record for error.  We have conducted an independent review of the record consistent with the procedure in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal: Did the trial court err in finding that section 1172.6 does not apply to Lawrie's murder conviction?

Lawrie filed a two page document in which he argues cases relating to liability of aiders and abettors for certain special circumstances allegations do not support the trial court's findings.  He does not dispute that he was the actual killer.  Lawrie was not prosecuted as an aider and abettor because he was the actual perpetrator of the crime.  The jury found he personally and intentionally shot and killed the victim.  Thus, he is not eligible for resentencing under this particular statute.

Our review of the record has not identified any potentially meritorious issue for reversal on appeal.  Competent counsel has represented Lawrie on this appeal.

3

## DISPOSITION

The order denying Lawrie's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

CASTILLO, J.